IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DREW C. HARTLEY,
    Plaintiff,

vs.                                                    Case No.: 3:13cv469/LAC/EMT

G. WAITMAN, et. al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    State court Defendants initiated this action by filing a Notice of Removal seeking to remove a state court action filed by Plaintiff in the County Court in and for Santa Rosa County, Florida, Case No. 2013-CC-326 (doc. 2). Defendants also paid the filing fee. Now pending is Plaintiff's motion to remand (doc. 6).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes that Plaintiff's motion for remand should be denied.

    In Plaintiff's motion to remand, he argues Defendants' notice of removal was untimely, under 28 U.S.C. § 1446(b) (doc. 6). Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day time period set forth in § 1446(b) is strictly construed. *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand). In cases where there are multiple defendants, the rule of unanimity mandates that all defendants join in removing the state court action to federal court. 28 U.S.C. § 1446(b)(2)(A). Each

defendant has thirty (30) days after receipt by, or service on, that defendant of the initial pleading or summons to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B). If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C).

Plaintiff contends the notice of removal was filed more than thirty (30) days from the date of service of the complaint upon each Defendant, with the exception of Defendant Diermyer (doc. 6). The record confirms that Defendant Diermyer was served with process on July 25, 2013 (doc. 2-2 at 194). Defendants' notice of removal was filed on August 22, 2013, within the thirty-day time limit (doc. 2). Further, Defendants' notice of removal demonstrates that all Defendants consented to the removal (doc. 2). Therefore, according to § 1446(b)(2)(C), removal was timely.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiffs' motion for remand (doc. 6) be **DENIED**.

At Pensacola, Florida this 5th day of September 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**